# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ROGER D. BARRETT                                                                    PETITIONER

v.                                    NO. 5:14CV00115 BSM/HDY

RAY HOBBS, Director of the                                                  RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

In 2001, petitioner Roger D. Barrett ("Barrett") was convicted in an Arkansas state trial court of capital murder and sentenced to life in prison without the possibility of parole in the custody of respondent Ray Hobbs ("Hobbs"). Barrett entered Hobbs' custody, and Barrett began serving his sentence. Because he was serving a sentence of life in prison without the possibility of parole, he was not eligible to earn meritorious good time. See Ark. Code Ann. 12-29-201.[1] Barrett's conviction was later affirmed on appeal. See Barrett v. State, 354 Ark. 187, 119 S.W.3d 485 (2003).

In 2003, Barrett filed a state trial court petition for post-conviction relief. In 2006, his petition was granted, and a new trial was ordered. The granting of his petition was later affirmed on appeal. See State v. Barrett, 371 Ark. 91, 263 S.W.3d 542 (2007).

The new trial was never held, though, because in 2009, Barrett pleaded guilty to, inter alia, second degree murder and was sentenced to a term of years in Hobbs' custody. As a part of the calculation of Barrett's sentence, he was given a "jail time credit" of 2,381 days. See Document 2 at 21 (Bates numbered CR 09025262). The calculation of the "jail time credit" was outlined in a plea agreement and order. It provided, in part, the following:

---

[1]

Ark. Code Ann. 12-29-201(a) provides, in part, that "[a]n inmate may be entitled to meritorious good time reducing his or her transfer eligibility date up to thirty (30) days for each month incarcerated after imposition of sentence ..." Ark. Code Ann. 12-29-201(g)(1) provides, in part, that "[i]nmates under sentence of death or life imprisonment without parole shall not be eligible for meritorious good time under this subchapter ..."

E. Jail/Prison Credit. The Defendant shall receive all jail and prison credit to which he is entitled. The parties have calculated this credit as follows as <u>total</u> of <u>2381 days</u>, calculated as follows:

Arrest date to date of first conviction: <u>100 days</u>

Date of first conviction to date of release for new trial (July 26, 2001, to October 23, 2007); <u>2281 days</u>.

<u>See</u> Document 2 at 15 (Bates numbered CR 09025269) (emphasis in original). Barrett then re-entered Hobbs' custody. Because Barrett was now serving a sentence of a term of years, he was eligible to earn meritorious good time.

Soon after entering Hobbs' custody a second time, Barrett learned that he would not be awarded any meritorious good time for the period of his incarceration from July 26, 2001, through October 23, 2007, that being, the period during which he was serving his sentence for capital murder. He attempted to resolve the issue by filing an informal grievance, and later a formal grievance, with officials of the Arkansas Department of Correction ("ADC"). At one point during the grievance process, he summarized his position as follows:

If I would have been convicted of the correct charge(s) in 2001, I would've received good time at a Class I rate of 30 days good time for every 30 days I served between July 26, 2001, and October 23, 2007. The 2,381 days that I received jail credit for is at a rate similar to Class IV rate of day for day, and only 100 days of this 2,381 days was served in the county jail. I should receive a lump sum good time credit for the 2,281 days that I served in prison from 2001-2007. It's not my fault that the State convicted me of the wrong charge, but since the State made the mistake that cost me my good time, the State should now grant me lump sum of good time to correct the mistake all the way around.

<u>See</u> Document 2 at 12 (Inmate's Appeal). The grievance procedure did not produce a favorable outcome for Barrett as he was eventually notified of the following by an ADC official:

> You grieved on 1/5/14 that on October 12, 2009, your sentence was overturned from life without parole and you were granted a new trial, to which, you were given jail credit time of 2381 days (the 100 days you served in the detention center, plus the 2281 days that you served in prison at the Cummins Unit). You stated that you only received day for day jail credit for the 2281 days that you served while being a Class I inmate in prison. You believed that you should have received good time at the Class I rate for the 2281 days you served in prison.
>
> After review of your appeal and supporting documentation, I find that you were ineligible to receive any good time during the time that you served in prison (7/26/01 to 10/23/07) at the Cummins Unit because you were charged with life without parole. Therefore your jail credit time could not be converted into good time. Your jail credit time was given to you correctly. Your appeal is without merit.

<u>See</u> Document 2 at 13 (Chief Deputy/Deputy/Assistant Director's Decision).

Barrett then brought his grievance to federal court by filing the petition at bar pursuant to 28 U.S.C. 2254. In his petition, he challenged the decision to deny him meritorious good time for the period of his incarceration from July 26, 2001, through October 23, 2007. He asked that the ADC be ordered to award him meritorious good time for that period and apply the meritorious good time to the sentence he is now serving. He also asked that the ADC be ordered to re-calculate the amount of time he is required to serve before being eligible for parole and re-calculate his time computation card to reflect his actual jail time credit.

Hobbs filed a response to the petition and asked that it be dismissed because Barrett's claim for meritorious good time is not cognizable in a federal habeas corpus proceeding. Hobbs alternatively maintained that Barrett's claim is procedurally barred from federal court review. Hobbs so maintained because Barrett did not avail himself of the Arkansas Administrative Procedure Act to obtain judicial review of his claim, and the time for doing so has now passed.

The undersigned reviewed the parties' submissions and had some question whether Barrett has a remedy available to him in the state courts of Arkansas, that being, a request for declaratory judgment and writ of mandamus. The undersigned was interested in knowing the parties' positions on that question so briefs from the parties were requested and have now been received.

Barrett maintained in his brief that he has no remedy available to him in the state courts of Arkansas. With regard to the availability of a declaratory judgment, he alleged the following:

> A.C.A. 16-111-104, part of the Declaratory Judgment Act, provides that, "Any person interested under a deed, will, written contract, or other writing, constituting a contract; or whose rights, status, or other legal relations are effected by a statute … may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder."
>
> In other words, a declaratory judgment is the proper remedy to use when a person thinks a law that affects him is unconstitutional and requests the Court's opinion as to the validity of the law.

In the present case, there is no law/statute that is even remotely similar to the predicament that Petitioner is in, and so, there is no law available that he can challenge the constitutionality of.

A Petition for Declaratory Judgment and Writ of Mandamus would only be an available state remedy if there was an existing law that pertains to the requested relief in Petitioner's Petition for Writ of Habeas Corpus. There is no existing law that says that an illegally convicted inmate that was not authorized good time under the illegal conviction can, once he is properly convicted of a crime that good time is authorized under, be awarded the good time that he was deprived of due to an illegal conviction.

See Document 14 at 1-2.

Hobbs maintained in his brief that Barrett has a remedy available to him in the

state courts of Arkansas. With regard to the availability of a declaratory judgment, Hobbs

alleged the following:

While respondent still maintains that petitioner's allegations do not present a cognizable claim for review under 28 U.S.C. 2254, respondent, without conceding the merits of petitioner's claim, nevertheless agrees with the Court's observation that petitioner may bring his claim that state law entitles him to an award of meritorious good time in an action for declaratory judgment and mandamus. Barrett alleges that Arkansas Code Annotated 12-29-201 and 12-29-202 entitle him to an award of meritorious good time to count toward the calculation of his transfer eligibility date for the time he spent in prison under a sentence of life without parole that subsequently was vacated. … Arkansas courts previously have considered prisoner's actions for declaratory judgment and mandamus on questions involving their entitlement to awards of meritorious good time under state statutes. See e.g., Hobbs v. Baird, 2011 Ark. 261, 2-5. Thus, it appears petitioner may have an available remedy in state court for his claim.

See Document 15 at 2.

28 U.S.C. 2254(b) provides that, with two exceptions not applicable in the case at

bar, a petition for writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him. 28 U.S.C. 2254(c) provides that a petitioner shall not be deemed to have exhausted the remedies available to him if "he has the right … to raise, by any available procedure, the question presented." The foregoing requirements are not construed, though, so as to require the filing of futile requests for relief in state court. See Rodgers v. Wyrick, 621 F.2d 921 (8th Cir. 1980). A federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." See Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).

The State of Arkansas has a procedure whereby a prisoner may challenge his entitlement to meritorious good time. The procedure is the very one used by the inmate in Hobbs v. Baird, 2011 Ark. 261, 2011 WL 2412740 (2011), that being, a complaint for declaratory relief. The undersigned knows of no reason why Barrett cannot utilize the same procedure in challenging the denial of his meritorious good time for the period of his incarceration from July 26, 2001, through October 23, 2007.[2] Although it is impossible to say whether his efforts in utilizing the procedure will meet with success, there is nothing to suggest that the procedure is futile.

The State of Arkansas has the primary interest in seeing that the judgments of its

---

[2]

In Hobbs v. Baird, the inmate maintained that state officials erroneously interpreted a deadly weapon enhancement statute to mean "[his] entire thirty-year sentence for … attempted first-degree murder had to be served without eligibility for good time …" See Hobbs v. Baird, 2011 WL 2412740 at 1. He maintained that the interpretation denied him the opportunity to be eligible for parole.

penal institutions are correct. The State of Arkansas should be accorded the first opportunity to determine the correctness of Barrett's entitlement to meritorious good time for the period of his incarceration from July 26, 2001, through October 23, 2007. The undersigned therefore recommends that Barrett's petition be dismissed without prejudice so that he may exhaust his state remedies. All requested relief should be denied, a certificate of appealability should be denied in accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, and judgment should be entered for Hobbs.

      DATED this ____14____ day of July, 2014.

_____
UNITED STATES MAGISTRATE JUDGE